**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KENNITH ROGER, et al., :
Plaintiffs, :
:
v. : No. 3:25-cv-0003 (SRU)
:
TONNY GUERRERA (sic), et al., :
Defendants. :

**RULING AND ORDER**

The plaintiff, Kennith Roger ("Roger"), is an inmate incarcerated at Osborn Correctional Center in the custody of the Connecticut Department of Correction ("DOC"). He filed this civil rights action on January 2, 2025, along with another plaintiff, David Ross.[1] *See* Compl., Doc. No. 1. Roger also filed another case under docket 24-cv-1849 on November 21, 2024. Roger seeks to proceed in this civil rights action *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. *See* Mot. to Proceed IFP, Doc. No. 2.

The decision whether to permit a litigant to proceed IFP in a civil case is committed to the sound discretion of the district court. *See Brooks v. Aiden 0821 Capital LLC,* 2020 U.S. Dist. LEXIS 144523, at *13 (E.D.N.Y. July 22, 2020). A litigant need not be absolutely destitute to qualify for *in forma pauperis* status. Inmates seeking IFP status must show that the burden of prepaying the filing fee would force them to forgo "the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The statute requires that prisoners who request leave to proceed IFP submit "an affidavit that includes a statement of all assets" they possess and "a certified copy of the trust fund

---

[1] David Ross is solely mentioned in the case caption and not in the body of the complaint. It is not clear what role

account statement . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a). "When considering a prisoner's affidavit of indigence, the district court may inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes." *Hinton v. Pearson,* 2021 U.S. Dist. LEXIS 133708, at *3 (D. Conn. July 19, 2021). Courts have denied leave to proceed *in forma pauperis* where inmates had sufficient funds to pay the filing fee, but chose to use the funds for other purposes before filing their complaints. *See Brown v. Ruiz,* 2020 U.S. Dist. LEXIS 203900, at *4 (D. Conn. Nov. 2, 2020).

Upon review of the present record, I conclude that Roger has not shown that he qualifies to proceed *in forma pauperis*. Roger was admitted to the DOC on June 17, 2022, and he received a five-year sentence for "Failure to Appear, First Degree DF."[2] On January 2, 2025, Roger filed his complaint, asserting claims pertaining to the installation an Ignition Interlock Device in his vehicle from April 17, 2020, through May 31, 2021. *See* Compl., Doc. No. 1 ¶¶ 1-2. At the time of filing this action, Roger only had $100.43 in his inmate account, but between July 1, 2024, through December 29, 2024, Roger received approximately $1,345.00 in deposits into his inmate trust account. *See* Acct. Stmt., Doc. No. 4; *see also* Not. of Insufficiency ("NOI"), Doc. No. 10. Roger's account statement showed that he spent $300 per month on "toiletries," "edibles," and "other," in the six-months preceding the filing of this lawsuit. *See* NOI, Doc. No. 10.

Because it was not entirely clear how Roger spent the deposits or where the deposits came from, the Court requested additional information to evaluate Roger's *in forma*

David Ross has in this cause of action.

[2] *See* https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=360194 (last visited Nov. 10, 2026). I take

*pauperis* application so that the court could consider whether Roger's expenditures were for the necessities of life. *See id*. The court directed Roger to submit a statement identifying the source of his deposits and stating that person's (or persons') financial resources and their ability to pay the filing fee, and the court also required Roger to truthfully and accurately state in detail how he spent the $1,345.00 in deposits that he had received since July 1st. *Id*.

Roger submitted his response to the court's order on January 13, 2025. *See* Pl.'s Resp. to NOI, Doc. No. 11. In Roger's response, he explains that he receives gifts from various pen pals who live in United States and other countries. *Id.* at 1. Roger also claims that he showers twice a day and uses up to four bars of soap a week, although he is only permitted to purchase two bars of soap a week, and that he uses dandruff shampoo and requires at least two bottles of shampoo a week. *Id.* at 2. Rogers asserts that the DOC does not provide sufficient toiletries necessary for his hygienic needs, and that he must obtain the necessary hygienic items not provided by the prison, in part, by trading with other inmates at inflated prices. *Id.* at 1-2.

This information provided by Roger in his response does not suffice to comply with the court's order. Roger spent down his account balance prior to filing this action. The filing fee for this civil action is $405.00, and Roger received $1,3450.00 in deposits in the six months preceding the filing of his complaint. Based on those deposits, Roger could have been able to afford the $405 filing fee in this case, with funds remaining to spend on the necessities of life. Accordingly, I conclude that Roger has not substantiated that he cannot afford to pay the filing

judicial notice of this public record. *See, e.g., Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (finding no error in district court's reliance on documents outside of the record).

fee for this action, and he does not qualify for *in forma pauperis* status. Thus, the motion for leave to proceed IFP, doc. no. 2, is **DENIED** without prejudice.

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending Roger's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604. Failure to tender the filing fee within twenty (20) days of the date of this order **will result in the dismissal** of this action.

So ordered.

Dated at Bridgeport, Connecticut, this 12th day of November 2026.

/s/ STEFAN R. UNDERHILL___
Stefan R. Underhill
United States District Judge